IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3117-FL

| | | |
|---|---|---|
| EDUARDO LUIS VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOCTOR ROSENTHAL; MS. BUNN, | ) | |
| Butner LSCI; P.A. ADKINS; | ) | |
| COUNSELOR JONES; and DR. | ) | |
| PHILLIPS, Butner LSCI, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motion to dismiss (DE 30), which the court construes as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff did not respond to the motion and the issues raised are ripe for decision. For the following reasons, the court grants the motion and dismisses plaintiff's claims without prejudice.

**STATEMENT OF THE CASE**

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint on May 1, 2017, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges defendants were deliberately indifferent to his serious medical needs by failing to provide treatment for his Hepatitis C and terminal cancer. On April 12, 2018, plaintiff filed motion to be restarted on antibiotic therapy. On April 25, 2018, the court denied

---

[1] The court dismissed previously-named defendants Warden Hollembaek, Asst. Warden Swain, Doctor Carden, P.A. Brooks, P.A. Worwich, Dr. Winston, Dr. Smith, Dr. Lopez, Dr. Turner, Dr. Chung, and Mr. & Mrs. Ackley by separate order entered June 1, 2018.

plaintiff's motion to be restated on antibiotic therapy, conducted its initial frivolity review of the complaint, and directed plaintiff to file amended complaint particularizing his claims.

Plaintiff filed amended complaint on May 22, 2018. On June 1, 2018, the court conducted its frivolity review of the amended complaint and allowed the action to proceed as to plaintiff's claims against defendants Doctor Rosenthal, Ms. Bunn, P.A. Adkins, Counselor Jones, and Dr. Phillips.

On October 15, 2018, defendants filed the instant motion to dismiss, supported by memorandum or law, declarations of Christy Bunn and Genna Petre, plaintiff's inmate demographic data, Bureau of Prisons ("BOP") Program Statement 1330.18 - Administrative Remedy Program, and plaintiff's BOP administrative grievance records. That same day, the court provided plaintiff notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that defendants' motion relied on matters outside the pleadings, and thus the court may construe it as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The court also notified plaintiff of his right to respond to the motion, and explained the appropriate procedures for doing so under Rule 56. As noted, plaintiff did not respond to the motion.

## DISCUSSION

A.    Standard of Review

Where the instant motion relies on matters outside the pleadings, the court construes it as a motion for summary judgment. See Fed. R. Civ. P. 12(d). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted).

B.   Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). The PLRA requires "proper exhaustion" which includes "compliance with [the] agency's deadlines and other critical procedural rules . . . ." Woodford, 548 U.S. at 90. "[U]nexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

The BOP provides a four-step administrative remedy procedure, which an inmate must complete in order to exhaust administrative remedies. The first step requires an inmate to present the issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden

3

using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

Here, plaintiff filed four grievances concerning his medical care before filing the instant complaint. (Petre Decl. (DE 32) ¶¶ 10-22). Plaintiff, however, did not exhaust any of these grievances because he did not appeal them to the BOP's general counsel using the BP-11 form. (See id.). Accordingly, based on the administrative record provided by defendants, plaintiff did not exhaust his administrative remedies before filing this action. And where plaintiff failed to respond to the motion for summary judgment, he has not presented evidence establishing he exhausted administrative remedies, or that the remedies were not "available." See Ross v. Blake, 136 S. Ct. 1850, 1858-60 (2016).

## CONCLUSION

Based upon the foregoing, the court GRANTS defendants' motion for summary judgment (DE 30), and DISMISSES plaintiff's claims without prejudice. The court DIRECTS the clerk to close this case.

SO ORDERED, this the 16th day of September, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge